PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS CROSS, | ) | |
| | ) | CASE NO. 4:11CV02393 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| TRUMBULL COUNTY CHILDREN | ) | |
| SERVICES BOARD, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** (Resolving ECF Nos. 25 and 27) |

Plaintiffs, Thomas Cross, the biological father of a deceased child, T.S.B., and John M. Rossi, administrator of T.S.B.'s estate, sued the Trumbull County, Ohio, Children Services Board (CSB), Trumbull County, and the Trumbull County Commissioners. Plaintiffs base their claims on the death of T.S.B. while in the CSB's custody. John M. Rossi, the Administrator of the Estate of T.S.B, appointed by the Trumbull County Probate Court, Case No. 2011 EST 0972, was added as a plaintiff in the second amended complaint. ECF No. 22.

Pending are Defendants' motion to dismiss the second amended complaint in its entirety. [ECF Nos. 25, 27]. For the following reasons, the Court grants Defendants' motions dismissing Cross' federal claims; grant Defendants' motions dismissing Rossi's section 1983 claim, and, declining to exercise supplemental jurisdiction, dismisses Rossi's state law wrongful death claim without prejudice.

**I. Background**

T.S.B. was born in 2007. The CSB obtained custody of T.S.B. shortly after her birth.

(4:11CV2393)

On November 4, 2008, the Trumbull County Juvenile Court granted the CSB permanent custody of T.S.B., thereby terminating Cross' parental rights. In 2009, the CSB placed T.S.B. in the care of Bonnie Pattison.[1]

On April 2, 2009, Pattison found T.S.B. unresponsive; T.S.B. was later pronounced dead. On November 4, 2009, Pattison pled guilty to involuntary manslaughter of T.S.B.

On November 4, 2011, Cross filed this lawsuit under 42 U.S.C. § 1983 alleging violations of T.S.B.'s constitutional rights. He also asserted a claim for wrongful death under O.R.C. § 2125.01 *et seq*.

On December 21, 2011, the Trumbull County Probate Court appointed John M. Rossi, Esq., Administrator of T.S.B.'s estate. On February 6, 2012, Cross submitted an amended complaint, adding Rossi as a plaintiff.

**II. Law and Analysis**

**A. Claims under 42 U.S.C. § 1983**

In Count One of the second amended complaint, ECF No. 22, Plaintiffs allege a "Deprivation of Civil Rights." Namely, Plaintiffs claim Defendants violated T.S.B.'s constitutional rights under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

**1. Standing**

Defendants contend that Plaintiff Cross does not have standing to bring claims on behalf of T.S.B. because the state had permanently terminated Cross' parental rights before T.S.B.'s death. Cross maintains that he has standing because he added the representative of the estate

---

[1] Second amended complaint uses spelling "Pattinson." ECF No. 22.

(4:11CV2393)

(Rossi) as a plaintiff.

Prudential standing is the long-standing doctrine of federal courts which the Supreme Court has described as "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (2009)).

When a plaintiff's parental rights have been terminated, he no longer has standing "to pursue any claim on behalf of [his] children." *Stephens v. Hayes*, 374 F. App'x 620, 622 (6th Cir. 2010) (unpublished disposition) (citing *Elk Grove, supra,* 542 U.S. at 17-18).

As Administrator of the Estate of T.S.B., Rossi has standing to bring claims on behalf of T.S.B. *See Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (noting that only the "purported victim, or his estate's representative(s), may prosecute a section 1983 claim").

However, as discussed *infra*, Plaintiffs have failed to file their case within the statute of limitations for such actions.

### 2. Statutes of Limitation

Defendant TCCSB contends that plaintiffs' claims under § 1983 are time-barred, as the statute of limitations began to run when T.S.B. died on April 2, 2009.

Civil rights actions brought under 42 U.S.C. § 1983 in Ohio come within the statute of limitations in O.R.C. § 2305.10, requiring that a plaintiff file an action for bodily injury within two years of when it accrues. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (*en banc*).

(4:11CV2393)

Federal law determines when a § 1983 cause of action accrues. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). Under federal law, "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Id.* (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)). In other words, the Court must look "to what event should have alerted the typical lay person to protect his or her rights." *Eidson v. State of Tennessee Dept. of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (quoting *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)) (further citations omitted).

The CSB maintains that Cross (assuming *arguendo* that he has standing) knew or should have known of the injury by the time of T.S.B.'s funeral, when he learned the death was an "accident." Cross contends that, although he knew of T.S.B.'s death, he did not know of the CSB's role and potential liability until the Fall of 2011.

The Supreme Court has stated that "discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Rotella v. Wood*, 528 U.S. 549, 555 (2000). "Otherwise stated, '[a] plaintiff's action accrues when he discovers that he has been injured, not when he determines that the injury was unlawful.'" *Anderson v. Board of Educ. of Fayette Cnty.*, 616 F.Supp.2d 662, 668 (E.D. Ky. 2009) (quoting *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001)). Cross learned of T.S.B.'s death on or around when she died; or, at the very least, shortly thereafter. He then had "reason to know of [the] injury when he should have discovered it through the exercise of reasonable diligence." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) (quoting *Sevier, supra*, 742 F.2d at 273). Cross did not have to know of

(4:11CV2393)

all the facts of a potential claim, or the legal theory supporting it.  Knowledge of injury alone sufficed to start the clock running.  See *Rotella, supra*, 528 U.S. at 555.

Rossi argues the statute of limitations could not begin to run before his appointment as administrator.  The Supreme Court has held that when a cause of action for wrongful death arises, and an administrator is the only individual with standing to pursue claims on behalf of the decedent, the relevant accrual date remains the date of the injury, "without regard to any intervening period after death when there is no executor or administrator." *Reading Co. v. Koons*, 271 U.S. 58, 63 (1926).  In *Koons*, the Court pointed out that "[a]t the time of death there are identified persons for whose benefit the liability exists and who can start the machinery of the law in motion to enforce it, by applying for the appointment of an administrator." *Id.* at 62.[2]

Plaintiffs failed to file their § 1983 claim within the two-year statute of limitations.  Accordingly, I dismiss that claim.

**B. Claims under Ohio law**

In Count Two of the second amended complaint, Plaintiffs bring a claim against

---

[1]  It would be a different question had Cross filed his initial case within the limitations period, and then added the administrator some months later - raising the issue of whether such an amendment could relate back to his original filing of the claim in order to avoid a statute of limitations dismissal.

Even in that circumstance, however, at least one court has ruled that when "the estate itself had not been properly established and no duly appointed representative existed prior to the expiration of the statute of limitations, the estate's claims are barred under the two year statute of limitations." *Mohat v. Mentor Exempted Vill. School Dist. Bd. of Ed.*, 2011 WL 2174671, *5 (N.D. Ohio) (noting the court's prior attempt to certify this open question of Ohio law to the Ohio Supreme Court in *Mohat v. Mentor Exempted Vill. School Dist. Bd. of Ed.*, 2010 WL 359693, *2 (N.D. Ohio)).

In any event, this question is not at issue in this case: Cross failed to file within the limitations period, and therefore his claim and Rossi's are time-barred.

(4:11CV2393)

defendants for T.S.B.'s wrongful death, pursuant to Ohio law.

As earlier determined, the Court does not have jurisdiction over Plaintiffs' federal law claims. There is, therefore, no longer a basis (or reason) to assert jurisdiction over Plaintiffs' claims under state law. *See* United Mineworkers of America v. Gibbs, 383 U.S. 715, 726 (1966). Count Two shall, accordingly, be dismissed without prejudice and the right to refile, if otherwise permissible, in State court.

### IV. Conclusion

For the foregoing reasons it is therefore,

ORDERED THAT:

Defendants' motions to dismiss [ECF Nos. 25, 27] be, and the same hereby are, granted.

IT IS SO ORDERED.

   June 13, 2012                          /s/ *Benita Y. Pearson*
Date                                        Benita Y. Pearson
                                                 United States District Judge